UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINA KANG,

      Plaintiff,

v.                               Case No.:  6:25-cv-528-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION AND ORDER

Plaintiff Christina Kang seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.      Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on July 23, 2021, and for supplemental security income on July 29, 2021, alleging disability beginning on May 1, 2020. (Tr. 160-61, 358-67, 373-79). The applications were denied initially and on reconsideration. (Tr. 160-61, 185-86). Plaintiff requested a hearing, and on July 11, 2024, a hearing was held before Administrative Law Judge Janet Majon ("ALJ"). (Tr. 90-121). On September 4, 2024, the ALJ entered a decision finding Plaintiff not under a disability from May 1, 2020, through the date of the decision. (Tr. 16-32).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on January 30, 2025. (Tr. 1-6). Plaintiff began this action by Complaint (Doc. 1) filed on March 25, 2025, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

## D.      Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2025. (Tr. 18). At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity during the third and fourth quarters of 2022 and the first quarter of 2024. (Tr. 18-19). The ALJ also found that there was a continuous 12-month period during

which Plaintiff did not engage in substantial gainful activity and her remaining findings addressed this period. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: "disorder of the skeletal spine; osteoarthrosis, migraine, carpal tunnel syndrome (CTS), peripheral neuropathy, irritable bowel syndrome (IBS), and disorder of the ligament, muscle and fascia." (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 23).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for 6 hours in an 8-hour workday; occasional climbing but never climb ladders, ropes, or scaffolds; occasional bending, stooping, kneeling, crouching or crawling; frequent fingering bilaterally; and avoid concentrated exposures to hazards (i.e. heights and machinery), vibrations, and extreme heat and extreme cold.

(Tr. 23).

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a dental assistant, supervisor cashier, and manager retail store. (Tr. 30). The ALJ found that this work did not require the performance of work-related

activities precluded by the RFC. (Tr. 30). Alternatively, the ALJ proceeded to step five and found that considering Plaintiff's age (50 on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 30-31). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)    Office Helper, DOT[1] 239.567-010, light, SVP 2

(2)    Routing Clerk, DOT 222.687-022, light, SVP 2

(3)    Photocopy Machine Operator, DOT 207.685-014, light, SVP 2

(Tr. 31). The ALJ concluded that Plaintiff had not been under a disability from May 1, 2020, through the date of the decision. (Tr. 31).

## II.    Analysis

On appeal, Plaintiff challenges whether the ALJ erred by failing to discuss Plaintiff's documented fibromyalgia at any of step of the sequential analysis. Plaintiff also challenges whether the ALJ erred by failing to account for the total limiting effects of Plaintiff's impairments by not properly evaluating her self-described limitations. (Doc. 16, p. 4). Basically, Plaintiff raises two arguments. First the ALJ erred in failing to consider Plaintiff's documented fibromyalgia and second,

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

the ALJ erred in evaluating Plaintiff's subjective statements. The Court addresses each argument in turn.

### A.    Fibromyalgia

Plaintiff contends that the ALJ erred in failing to mention Plaintiff's diagnosis of fibromyalgia in the decision. (Doc. 16, p. 13). It is undisputed that the ALJ did not mention fibromyalgia in the decision. The question is whether this failure amounts to error by the ALJ. It does not.

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 C.F.R. §§ 404.1522(a), 416.922(a). In other words, a severe impairment is an impairment or combination thereof that *significantly* limits a claimant's abilities to perform basic work activities. *See* SSR 85-28, 1985 WL 56856, *4 n.1; 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).

The severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The impairment must also last or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509,

416.920(a)(4)(ii), 416.909. The claimant bears the burden at step two of proving that she has a severe impairment or combination of impairments. *O'Bier v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009).

This inquiry "acts as a filter in that the finding of any severe impairment ... is enough to satisfy the requirement of step two and allow the ALJ to proceed to step three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014) (internal citations omitted).

Plaintiff spends a great deal of time discussing the legal standard to consider fibromyalgia. (Doc. 16, p. 5-6, 12-14). Plaintiff does not, however, cite evidence in the record that supports her argument that the ALJ erred in failing to discuss fibromyalgia. Plaintiff claims that her fibromyalgia impairment is documented, but

fails to show where it is documented in the medical or other records. For this reason alone, remand is not warranted on this issue.

To be thorough, the Commissioner cites the record to show that two of Plaintiff's medical providers included fibromyalgia in a list of Plaintiff's diagnoses. (Doc. 20, p. 6 (citing Tr. 736, 1398, 1422, 1431, 1435, 1439, 1443, 1453, 1530)). While these medical records contain a diagnosis, they contain little discussion of what symptoms are associated with this diagnosis. Plaintiff also failed to cite any portions of the medical or other records that demonstrate her diagnosis of fibromyalgia had an effect on her ability to work. *See Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) ("However, a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work.") (citation omitted). In other words, these medical records only show a diagnosis and fail to meet the criteria for finding fibromyalgia is a medically determinable impairment.[2] For these reasons substantial evidence supports the

---

[2] SSR 12-2p contains two sets of criteria for an ALJ to evaluate whether fibromyalgia can be found to be a medically determinable impairment. The first set of criteria requires that a plaintiff demonstrate: (1) "[a] history of widespread pain—that is, pain in all quadrants of the body;" . . . that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present;"(2) [a]t least 11 positive tender points on physical examination;" and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p, 2012 WL 3104869, *2-3. Under the second set of criteria, a plaintiff must show: (1) "A history of widespread pain;" (2) "[r]epeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;" and

ALJ's findings at step two and at the later steps of the sequential evaluation, and remand is not warranted.

### B.    Subjective Statements

Plaintiff argues that the ALJ did not properly consider Plaintiff's statements concerning her limitations in her ability to sit, stand, or walk. (Doc. 16, p. 9). Plaintiff reported that she had debilitating pain throughout her body – her pain woke her up at night, she had difficulty lifting her arms and legs, and difficulty doing chores, such as mopping, doing dishes, and doing laundry. (Doc. 16, p. 8-9). Plaintiff testified that she had neuropathy in her legs, constant back and neck pain, itching, burning, numbness, and tingling, and spends most of her day lying down. (Doc. 16, p. 9).

Generally, a claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be

---

(3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." SSR 12-2p, 2012 WL 3104869, at *3.

reasonably expected to give rise to the alleged pain." *Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court]

to conclude that the ALJ considered [the claimant's] medical condition as a whole."

*Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ thoroughly summarized Plaintiff's statements and testimony. (Tr. 24). The ALJ noted:

> Disability is alleged due to back problems, carpal tunnel syndrome, migraines, severe neuropathy in the legs, all of which causes chronic low back pain, numbness and tingling sensation, itchiness, burning, and sharp pain, and difficulty with grasping, lifting, sitting, walking and standing. Estimated her capacity for walking was less than a ¼ block, sitting for up to 10 minutes, standing for 5-10 minutes. She is constantly changing positions due to pain in the legs. She can lift less than 5 pounds. She has difficulty with holding onto items. She cannot write. . . . Most comfortable position is lying down with a heating pad for some relief.

(Tr. 24).

After this summary, the ALJ generally found:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 24).

The ALJ further found that there was no objective evidence to support that Plaintiff's impairments were of such a severity as to preclude performing work-related activities. (Tr. 24). The ALJ then thoroughly summarized the medical

records. (Tr. 24-28). The ALJ recounted when Plaintiff complained of neck and low back pain, and when her gait and muscle strength were normal. (Tr. 25). The ALJ noted that some records showed a restricted range of motion along the cervical spine secondary to pain. (Tr. 25). The ALJ also summarized MRI results, including disc disease, hemangioma, facet disease, and degenerative disc disease of the spine, and tenderness in other areas. (Tr. 25-27). The ALJ discussed Plaintiff's pain management for pain in the neck, lower back, shoulders, and wrists. (Tr. 26). She also discussed Plaintiff's visits to the emergency room for tenderness of the lower back and decreased sensation in the lower extremities, as well as Plaintiff's normal range of motion, no muscle weakness, and normal gait. (Tr. 26). The ALJ summarized more recent medical records from 2023 and 2024, showing Plaintiff sought treatment for chronic pain in the neck, lower back, ankles, and feet. (Tr. 26-27). The ALJ considered the x-ray results and examination results. (Tr. 26). She also discussed medical records relating to Plaintiff's irritable bowel syndrome and migraines. (Tr. 27-28).

After considering both Plaintiff's statements and the medical records, the ALJ found:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the medical evidence fails to substantiate the asserted limitations or document a level of functional restriction incompatible with sustained work activity. Although the evidence documents the claimant suffers from

> disorder of the skeletal spine; osteoarthrosis, migraine, carpal tunnel syndrome (CTS), peripheral neuropathy, irritable bowel syndrome (IBS), and disorder of the ligament, muscle and fascia, it fails to support a finding that these conditions have functionally restricted the claimant to a level incompatible with sustained work activity within the limitations of the assessed residual functional capacity.
>
> Due to the effects of claimant's physical impairments, the undersigned conclude the claimant can do light work with the additional limitations described in the residual functional capacity above. Subjective complaints of functional limitations are disproportionate to the medical evidence and are not fully consistent considering both medical and other evidence of record. (20 C.F.R. [§§] 404.1529, 416.929).

(Tr. 28).

The ALJ explained that treatment notes showed Plaintiff was not dysfunctional. (Tr. 29). She found the records reflected that generally Plaintiff walked with a normal gait, had normal muscle strength, had no motor or sensory deficits, retained normal range of motion in extremities, did not require additional back or neck surgery, and even though more recent records showed an antalgic gait, no assistive devices were required for support or ambulation. (Tr. 29). Also, injections were helpful in controlling her pain and her migraines were well controlled. (Tr. 29). The ALJ concluded:

> Physical examinations do not reflect a disabling level of limitation due to the claimant's physical impairments. Medical evidence does not suggest greater exertional or nonexertional limitations. Although the claimant alleged disabling physical impairments, she remained functional and acknowledged the ability to perform a robust range of routine activities of daily living independently. Claimant remained capable of performing significant work-related activities and showed a

physical capacity for activities consistent with a range of light work.

(Tr. 29).

Finally, the ALJ explained that Plaintiff's testimony was inconsistent with the evidence that shows an ability to work and handle a "wide range of activities of daily living." (Tr. 29). The ALJ found that Plaintiff was able to work during the relevant period at both substantial and non-substantial gainful levels despite her physical impairments. (Tr. 29). Earlier in the decision, the ALJ noted that Plaintiff could pay bills, count change, use a checkbook, handle a savings account, shop for groceries, go to doctor's appointments, buy pet supplies, and buy household items. (Tr. 21). She also drives a car and was working at a mall at the time of the hearing. (Tr. 21).

In thoroughly summarizing the medical and other evidence of record, the ALJ considered Plaintiff's daily activities, the location duration frequency and intensity of her pain, aggravating factors, her medications, and other treatments to relieve the pain. The ALJ clearly articulated reasons why she found Plaintiff's subjective statements of her limitations not entirely consistent with the medical and other evidence of record, and the Court cannot disturb this finding.

In essence, Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). "The ALJ need not refer to every piece of evidence

in his decision, so long as a reviewing court can conclude that the ALJ considered the claimant's medical condition as a whole." *Id.* Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). The ALJ thoroughly considered the record as a whole and substantial evidence supports the ALJ's decision in evaluating Plaintiff's subjective statements.

## III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 10, 2026.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 17 -